UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM GOMEZ,<br><br>*Plaintiff*,<br><br>v.<br><br>ZRD, LLC,<br><br>*Defendant*. | **COMPLAINT** |

Plaintiff William Gomez, by and through the undersigned counsel, brings this action against Defendant ZRD, LLC, a Illinois limited liability company, for violations of the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* (the "ADA") and its implementing regulations, and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this civil rights action against Defendant for failing to design, construct, and/or own or operate facilities that are fully accessible to, and independently usable by, persons with disabilities. Defendant has failed to remove architectural barriers at the bar and restaurant known as "The Butcher's Tap", even though such removal is readily achievable.

2. The violations alleged in this complaint occurred at the bar and restaurant known as "The Butcher's Tap", located at 3553 N Southport Ave, Chicago IL 60657.

3. Defendant's failure to provide equal access to "The Butcher's Tap" violates the mandates of the ADA to provide full and equal enjoyment of a public accommodation's goods, services, facilities, privileges, and advantages.

4. Defendant's conduct constitutes an ongoing and continuous violation of the law. Defendant has failed to take any prompt and equitable steps to remedy the discriminatory barriers at their facilities.

5. Accordingly, Plaintiff seeks a declaration that Defendant's facilities violate federal law and an injunction requiring Defendant to make modifications to the facilities so that they are fully accessible to, and independently usable by, individuals with disabilities. Plaintiff further requests that the Court retain jurisdiction over this matter for a period to be determined to ensure that Defendant continue to comply with the requirements of the ADA.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331. This action includes federal law claims brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181–12189. The Court has the jurisdiction to issue a declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed R. Civ. P. 57.

7. Venue in this judicial district is proper because Defendant is located and transacts business within this judicial district and has sufficient contacts to be subject to personal jurisdiction in this judicial district, and because this is the judicial district in which the acts and omissions giving rise to the claims occurred.

## PARTIES

8. Plaintiff William Gomez is a resident of the city of Chicago, Illinois. Plaintiff Gomez suffers from, and all times relevant hereto has suffered from, a legal disability as defined by the ADA, 42 U.S.C. § 12102(2).

9. Plaintiff William Gomez suffers from a spinal injury resulting from combat during his military service. He is substantially limited in performing several major life activities, including but not limited to walking and standing. He is required to use wheelchair for mobility. As a person with a disability, he has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

10. Defendant ZRD, LLC, an Illinois limited liability company, is the lessee and operator of the real property and improvements which are the subject of this action, the bar and res-

taurant "The Butcher's Tap", a place of public accommodation within the meaning of the ADA, located at the street address of 3553 N Southport Ave, Chicago IL 60657.

## FACTUAL BACKGROUND

11. On or around September 20, 2015, Plaintiff Gomez attempted to visit "The Butcher's Tap", which is located approximately 1.5 miles from his apartment.

12. Upon arrival, Plaintiff Gomez could not find an accessible public entrance into "The Butcher's Tap". The front entrance facing Southport Avenue had a ramp connecting the change in level between the sidewalk and the interior of the restaurant, but the ramp was too steep. An image in Exhibit A to this Complaint shows the ramp at the entrance to "The Butcher's Tap". Further preventing access to the interior of the restaurant, the host stand, a lamp, and a waiter service stand blocked the route into the restaurant from the entryway. An image in Exhibit B to this Complaint shows the obstructions at the entrance to "The Butcher's Tap".

13. No signage indicated the presence of or directed patrons to an alternate, accessible entrance.

14. The interior of "The Butcher's Tap" provided many dining surfaces for its customers, both tables and bar surfaces. All of the dining surfaces were "high-top" style, and were unusable for Plaintiff Gomez, who needed to remain in his wheelchair.

15. In light of the architectural barriers at "The Butcher's Tap", Plaintiff Gomez is deterred from visiting "The Butcher's Tap" in the future. Plaintiff Gomez would like to be able to patronize "The Butcher's Tap", but these architectural barriers deter him from doing so. He plans to return and patronize "The Butcher's Tap" when he learns that the premises have been made fully accessible to persons who use wheelchairs for mobility.

16. Plaintiff Gomez attempted to access Defendant's premises, but could not do so independently on a full and equal basis because of his disabilities, due to the physical barriers to access and violations of the ADA that exist at Defendant's premises. As a result of Defendant's non-compliance with the ADA, Plaintiff Gomez cannot independently access the facilities and/or

is excluded from full and equal enjoyment of the goods, services, privileges, advantages, and/or accommodations offered therein.

## FACT ALLEGATIONS

17. Defendant has discriminated against Plaintiff Gomez on the basis of his disabilities by failing to comply with the requirements of the ADA and the Americans With Disabilities Act Accessibility Guidelines (the "ADAAG") with regard to "The Butcher's Tap". A specific, though not exclusive, list of unlawful physical barriers and violations present at "The Butcher's Tap" which limit the ability of persons in wheelchairs to access the facilities and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, includes the following:

   a. "The Butcher's Tap" did not have an accessible route from the public sidewalk into the restaurant, in violation of ADAAG 206.2.1 and 206.4.1.

   b. The ramp at the entrance to "The Butcher's Tap" had a slope greater than 1:10, in violation of ADAAG 303.4 and 405.2.

   c. The host stand and other obstructions at the entrance of "The Butcher's Tap" reduced the clear width of the walking surface into the restaurant to less than 32 inches, in violation of ADAAG 403.5.1.

   d. To the extent that "The Butcher's Tap" had an accessible entrance, no signage at the inaccessible public entrance directed customers to the accessible entrance, in violation of ADAAG 216.6.

   e. Less than 5% of the dining surfaces provided at "The Butcher's Tap" were positioned between 28 inches and 34 inches above the ground, in violation of ADAAG 226.1 and 902.3

18. The above listing is not to be considered all-inclusive of the barriers and violations of the ADA encountered by Plaintiff Gomez or which exist at "The Butcher's Tap".

19. In order to fully remedy the discriminatory conditions, Plaintiff requires an inspection of "The Butcher's Tap" in order to photograph and measure all such barriers to access and violations of the ADA, the ADAAG.

20. Compliance with the ADA standards and the ADAAG is required by 42 U.S.C § 12182(b)(2)(A)(iv) because removal of architectural barriers is readily achievable. Compliance with the ADA standards and the ADAAG is readily achievable by Defendant due to the lack of difficulty and low cost of remedying the above-listed barriers. Some of the above-listed violations can be remedied through the same measures prescribed by federal regulation as examples of modifications that are "readily achievable", including, but not limited to, installing ramps. 28 C.F.R. § 36.304(b).

21. As a person with a disability, Plaintiff Gomez has a personal interest in having full and equal access to places of public accommodation and to the goods, services, facilities, privileges, advantages or other things offered therein.

22. Without injunctive relief, Defendant's failure to remove accessibility barriers will continue to cause injury to Plaintiff, who will continue to be deterred from patronizing the facility and will continue to be unable to independently access "The Butcher's Tap" and/or to enjoy the goods, services, privileges, advantages and/or accommodations offered therein on a full and equal basis, in violation of his rights under the ADA.

**FIRST CAUSE OF ACTION**
**Violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.***

23. Plaintiff incorporates and realleges the above paragraphs.

24. Section 302(a) of Title III of the ADA, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

25. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations that is equal to the opportunities afforded to other individuals.

26. Defendant has discriminated against Plaintiff and others in that they failed to make their place of public accommodation fully accessible to persons with disabilities on a full and equal basis in violation of 42 U.S.C. § 12182(a) and the regulations promulgated thereunder, including the ADAAG, as described above. Plaintiff Gomez has been denied full and equal access to "The Butcher's Tap" and/or has been denied the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations on a full and equal basis.

27. Defendant has failed to take any prompt and equitable steps to remedy their discriminatory conduct. Defendant's violations of the ADA and ADAAG are ongoing.

28. Defendant has failed to remove architectural barriers to full and equal access by Plaintiff Gomez, even though removing the barriers is readily achievable.

29. Plaintiff Gomez plans to visit "The Butcher's Tap" again in the near future. Plaintiff is without adequate remedy at law, has suffered and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm upon his planned return visit to "The Butcher's Tap" unless and until Defendant are required to remove the physical barriers to access and ADA violations that exist at Defendant's place of public accommodation, including those set forth specifically herein.

30. This Court has authority under 42 U.S.C. § 12188 to grant Plaintiff injunctive relief, including an order requiring Defendant to make "The Butcher's Tap" readily accessible to and independently usable by individuals with disabilities to the extent required by the ADA and ADAAG, and/or to close "The Butcher's Tap" until such time as Defendant cure the access barriers.

31. Plaintiff has retained the undersigned counsel for the filing and prosecution of this action, and is entitled to recover reasonable attorneys' fees, litigation expenses and costs from Defendant, pursuant to 42 U.S.C. §§ 12205, 12117, and 28 C.F.R. § 36.505.

**WHEREFORE**, Plaintiff respectfully requests:

a. That the Court issue a Declaratory Judgment that determines that Defendant's facilities, at the commencement of the instant suit, are in violation of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*, and the relevant implementing regulations including the ADAAG.

b. That the Court issue a permanent injunction, pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.504(a) enjoining Defendant from continuing their discriminatory practices, including an order directing Defendant to make all readily achievable alterations to their facilities so as to remove physical barriers to access and make their facilities fully accessible to and independently usable by individuals with disabilities to the extent required by the ADA; and also including an order requiring Defendant to make all reasonable modifications in policies, practices or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

c. That the Court award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs of suit pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505, or as otherwise provided by law; and

d. That the Court issue such other relief as it deems just and proper, and/or is allowable under Title III of the ADA.

DATED: January 13, 2016

/s/ John Steele
John L. Steele (# 6292158)

ACCESSIBILITY LAW GROUP
500 Michigan Avenue, Suite 600
Chicago, Illinois 60611
E-mail: jsteele@accessibilitylawgroup.com
Phone: (312) 396-4154